OPINION
Appellant Dewey Kiser appeals a judgment of the Richland County Common Pleas Court finding him to be a habitual sex offender, pursuant to R.C. 2950.
On September 5, 1996, appellant was convicted and sentenced for Gross Sexual Imposition in violation of R.C. 2907.05. On August 5, 1997, the Richland County Common Pleas Court held a hearing, and determined that appellant was a habitual sex offender. He was, therefore, ordered to register as a sex offender.
Appellant raises two errors:
 I. DEFENDANT-APPELLANT'S RIGHT NOT TO BE PLACED TWICE IN JEOPARDY WAS VIOLATED WHEN HE WAS PUNISHED FOR A SECOND TIME A YEAR LATER FOR HIS OFFENSE.
 II. THE IMPOSITION HABITUAL SEX OFFENDER STATUS TO DEFENDANT-APPELLANT WAS IN VIOLATION OF ARTICLE 1, SECTION 9 OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 28 OF THE OHIO CONSTITUTION PROHIBITING APPLICATION OF LAWS EX POST FACTO.
 I.
Appellant argues that his right to double jeopardy was violated when he was punished a second time for his offense.
Although the Ohio Supreme Court did not specifically a double jeopardy claim in State vs. Cook (1998), 83 Ohio St.3d 404, this court has previously found the Cook decision to dispositive of a double jeopardy claim. In State vs. Albaugh (February 1, 1999), Stark App. No. 1997CA00167 and 1997CA00222, unreported. InAlbaugh, we concluded that because the Supreme Court determined in Cook that R.C. 2950 is not punitive in nature, any findings made by the court pursuant to that statute do not place the defendant in jeopardy twice for the same offense.
The first Assignment of Error is overruled.
 II.
In Cook, supra, the Ohio Supreme Court expressly found that as applied to conduct prior to the effective date of the statute, R.C. 2950 does not violate the ex post facto clause of Section 10, Article I of the United States Constitution. Id, at paragraph two of the syllabus. See, also, State vs. McIntyre (February 1, 1999), Stark App. No. 1997CA00366, unreported; State vs. Bair
(February 1, 1999), Stark App. No. 1997CA00232, unreported. The second Assignment of Error is overruled.
The judgment of the Richland County Common Pleas Court is affirmed.
By: Reader, V.J., Wise, P.J. and Gwin, J. concur.
_____________________________
_____________________________
 _____________________________ JUDGES
WDR/lmf 0219
JUDGMENT ENTRY
CASE NO. 97-CA-82
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Richland County Common Pleas Court is affirmed. Costs to appellee.
_____________________________
_____________________________
 _____________________________ JUDGES